UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALVARO JESUS MERCADO BELLO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-06350-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(A Number: A-240-204-922)

(Doc. 1)

**7-Day Objection Period**

Petitioner Alvaro Jesus Mercado Bello ("Petitioner"), a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on August 10, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center. (Doc. 1).

In his petition, Petitioner alleges that he is a native and citizen of Venezuela and entered the United States of America on January 10, 2022. *Id.* at 7. Petitioner alleges that he was released from custody (presumably by immigration authorities who encountered him at or near the time he entered the country), and thereafter obtained work authorization, a social security number, and a driver's license. *Id.* He alleges he was arrested by immigration authorities on June 26, 2026, for charges that have been dismissed and that he has remained in continuous custody. *Id.*

Respondents filed a response to the petition in which they argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the outcome of his ongoing removal proceedings but acknowledge that the Ninth Circuit has rejected this interpretation of the Immigration and Nationality Act. (Doc. 7) (citing *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026)). Respondents also proffer documents that corroborate Petitioner has been present in the United States of America since as early as his date of apprehension by U.S. Border Patrol in Texas near the U.S./Mexico border in January 2022. (Doc. 7-1 at 2). Respondents' documents also include an "Order of Release on Recognizance" signed by Petitioner on January 10, 2022, reflecting that Petitioner was released from custody subject to numerous conditions – including, as relevant here, that he not violate any local, state, or federal laws. (Doc. 7-3 at 1). Respondents' documents reflect that Petitioner was arrested in August 2024 in Texas and charged with assault causing bodily injury on a family member. (Docs. 7-1, 7-2). That case remains pending. More recently, on April 14, 2026, Petitioner was arrested in Texas and charged with aggravated assault with a deadly weapon. *Id.* That case has been dismissed.

Respondents correctly concede that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez* pursuant to 8 U.S.C. § 1226(a). However, given that Petitioner previously was released by immigration authorities on his own recognizance, which necessarily required their determination that he did not then present a risk of flight or danger to the community (*see* 8 C.F.R. § 1236.1(c)(8)), Petitioner also retains a liberty interest in his freedom from detention that implicates protections under principles of due process. *E.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting "the actions of the Government in allowing Petitioner to remain in the community for over five years strengthen Petitioner's liberty interest. Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause.") (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987)); *Ramazan M. v. Andrews*, No. 1:25-cv-01356-KES-SKO (HC), 2025 WL 3145562, at *5-6 (E.D. Cal. Nov. 10, 2025) ("Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute") (citing *inter alia Young v. Harper*, 520 U.S. 143, 147-49 (1997)).

Because Petitioner retains a liberty interest in his freedom from detention, the undersigned has considered the record evidence in the context of the due process framework set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). For the reasons that follow, pursuant to that framework, the undersigned concludes that Petitioner is entitled to a post-deprivation bond hearing at which the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

First, notwithstanding that the assault charge on which Petitioner was arrested in April 2026 has been dismissed, ICE's reliance upon Petitioner's arrest in that case as a basis to detain him was "not obviously pretex[t]ual." *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight.") (citing cases); accord *O.A.C.C. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *4-5 (E.D. Cal. Dec. 4, 2025). The arrest alone involves Petitioner's possible violation of the terms of his release on recognizance. Moreover, Petitioner's earlier arrest (in August 2024) resulted in an assault charge and a criminal case that remains pending.

Second, Petitioner's release by immigration authorities upon their initial encounter with him more than four years ago necessarily required them to conclude that Petitioner was neither a flight risk nor a danger to the community (*see supra*). Under these circumstances, even in the light of disputed issues of fact concerning the nature and severity of Petitioner's alleged violation of terms of his release, the government should bear the burden of establishing at the bond hearing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *E.g., Singh v. Andrews*, No. 1:25-cv-01543-DCJ-SCR, 2025 WL 3248059, at *6 (E.D. Cal. Nov. 19, 2025) (requiring government to carry burden by clear and convincing evidence, notwithstanding disputed issues of facts involving the petitioner's alleged violation of release conditions); *M.V.I. v. Andrews*, No. 1:25-cv-01440-JLT-SKO, 2025 WL 3154403, at *13-14 (E.D. Cal. Nov. 12, 2025) (same). "Doing so is logical" because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the

government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *M.R.R. v. Chestnut*, No. 1:25-cv-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (relying on *Pinchi v. Noem*, 792 F. Supp. 3d 1025, at 1034, 1038 (N.D. Cal. 2025)); accord *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111-13 (E.D. Cal. 2025).

Accordingly, the undersigned will recommend that the petition for writ of habeas corpus be granted and that Respondents be ordered to provide Petitioner with a bond hearing.

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
3. Respondents be ORDERED to provide Petitioner adequate advanced notice of the hearing at which Petitioner retains the right to be represented by counsel and be entitled to appear at the hearing.
4. Respondents be ORDERED to release Petitioner if they do not provide him with a bond hearing within 14 days.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days**

after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 27, 2026**

UNITED STATES MAGISTRATE JUDGE